CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
4/25/2025
LAURA A. AUSTIN, CLERK
BY: s/ C. Amos
DEPUTY CLERK

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF VIRGINIA**
LYNCHBURG DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | No. 6:17-cr-00008-001 |
| v. | **MEMORANDUM OPINION** |
| JUSTIN LEE STALLINGS, | JUDGE NORMAN K. MOON |
| A/K/A JAQUAVEONTAE-BENJAMIN MUHAMMAD RANDOLPH KING, | |
| *Defendant.* | |

Petitioner Justin Lee Stallings moves to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Dkt. 190. However, his motion is untimely and fails to meet any of the exceptions to the one-year statute of limitations. Accordingly, his motion is denied and the Government's motion to dismiss, Dkt. 220, is granted.

### I. BACKGROUND

On February 28, 2019, a jury convicted the Petitioner of conspiracy to commit Hobbs Act robbery in violation of 18 U.S.C. § 1951(a); six counts of Hobbs Act robbery in violation of 18 U.S.C. § 1951(a); six counts of possession of a firearm in furtherance of a crime of violence in violation of 18 U.S.C. § 924(c); and being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Dkts. 120, 165. The Court sentenced the Petitioner to 655 months imprisonment on December 18, 2019. Dkt. 165.

After the Petitioner filed a pro se notice of appeal, the Fourth Circuit appointed his trial

court counsel, Linda Willis, to again represent him on the appeal.[1] Ms. Willis challenged (1) the

Court's denial of a Fed. R. Crim. P. 29 motion for acquittal of the conspiracy charge, (2) the

sufficiency of evidence that the Petitioner was the masked perpetrator, and (3) the reasonableness

of his sentence. The Fourth Circuit affirmed the Petitioner's conviction and sentence on February

17, 2021. Dkt. 168; *see also United States v. Stallings*, 843 Fed. Appx. 509 (2021) (per curiam)

(unpublished). The Petitioner did not subsequently appeal to the United States Supreme Court.

  The Petitioner now challenges his conviction by arguing "actual innocence" of the Hobbs

Act violations. In a pro se Section 2255 motion, the Petitioner contends that the Government

"did not prove beyond a reasonable doubt how interstate commerce was in fact affected" because

"[n]one of the stores had to close because they could not afford to stay open after I took money

from them." Dkt. 190 at 5. He adds that he "was told that stores did not shut down and continued

on with business as usual." *Id*. In explaining why he did not raise this motion on direct appeal,

the Petitioner states "ineffective assistance of counsel and no one showed me how to appeal."

*Id*.[2] In a subsequent filing with the Court dated April 8, 2024, the Petitioner contends that the

Court should consider his motion under 28 U.S.C. § 2255(f)(4). Dkt. 192. This statutory

provision allows for motions to be filed within one year of "the date on which the facts

supporting the claim or claims presented could have been discovered through the exercise of due

diligence." 28 U.S.C. § 2255(f)(4).

  The Government moved to dismiss the 2255 Petition on October 4, 2024. Dkt. 220. The

Petitioner moved for an extension of time to file a reply and the Court granted the extension on

---

[1] Ms. Willis did not represent the Petitioner at his trial. The Court appointed her to represent the Petitioner during the sentencing phase after he moved, pro se, to appoint new counsel. Dkts. 133, 134.

[2] The Petitioner's statement that "no one showed me how to appeal," Dkt. 190 at 5, is inaccurate because he did, in fact, file an appeal and was represented by counsel on that appeal. *See* Dkts. 154, 168. Similarly, when he completed the Section 2255 motion form, he checked a "no" box in response to a question asking whether he appealed from the judgment of conviction. Dkt. 190 at 3. To the extent that he claims he never filed an appeal, such an assertion is inconsistent with the record.

November 7, 2024. Dkts. 224-25. Nevertheless, the Petitioner did not reply.

## II. LEGAL STANDARDS

Ordinarily, a federal prisoner has one year to file a federal petition for habeas corpus, starting from "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1).    Nevertheless, the statute carves out a few alternatives to the one-year-from-judgment limitations period. Of significance here is that when a prisoner alleges newly discovered evidence, the filing deadline is one year from "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." *Id.* § 2255(f)(4).[3] Case law also recognizes two other ways around Section 2255's time limitations: the doctrine of "equitable tolling," *see United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004), and the "actual innocence" gateway. *See McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013)

## III. DISCUSSION

The Petitioner failed to file his motion within one year of final judgment. He also does not satisfy the requirements for filing his motion within one year of discovering facts supporting his claim, nor does he meet the requirements for bringing his petition under the equitable tolling or actual innocence doctrines.

### A. The Petitioner's motion is untimely under 28 U.S.C. § 2255(f)(1)

For purposes of the one-year limitations period under § 2255(f)(1), a defendant's

---

[3] Two other one-year limitations periods can arise from circumstances where the Government impedes a petitioner's ability to make a motion or if a right is "newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(2)-(3). These provisions are inapplicable to the instant motion.

conviction becomes final when the last appeal is decided or the time to file such an appeal expires. *United States v. Johnson*, 203 F.3d 823, 2000 WL 37753, at *1 (4th Cir. 2000) (unpublished table decision); *Clay v. United States*, 537 U.S. 522, 528 (2003) (holding that where a petition for certiorari is not filed after a court of appeals decision, the conviction is final when the time for filing the petition expires). In general, "a petition for a writ of certiorari to review a judgment in any case, civil or criminal, entered by ... a United States court of appeals ... is timely when it is filed ... within 90 days after entry of the judgment." U.S. Sup. Ct. R. 13. Here, the Fourth Circuit issued its mandate on March 11, 2021. Dkt. 170. Thus, the time to file a petition for writ of certiorari expired 90 days later, on June 9, 2021. Because the Petitioner did not seek Supreme Court review, his conviction became final on June 9, 2021 and he had one year – until June 9, 2022 – to file his Section 2255 motion. However, he filed his motion on December 19, 2023, more than 18 months after the statute of limitations had run. His motion is thus untimely under § 2255(f)(1).

## B. The motion is also untimely under 28 U.S.C. § 2255(f)(4)

In response to a question about timeliness on the Section 2255 motion form, the Petitioner contends that his claim – that the Government failed to prove the "interstate commerce" element of the Hobbs Act offenses because it did not show that the stores he robbed permanently closed – "was not discovered until recently through the exercise of due diligence." Dkt. 190 at 12. This argument is hard to square with the record. As the Government correctly notes, the Petitioner "points to no new, recently-discovered facts." Dkt. 220 at 4. Indeed, it was clear at trial that the stores remained open after the robberies. For example, an employee testified that she still worked at a Kentucky Fried Chicken location in Danville, Virginia after it was robbed in January 2017. Dkt. 160 (Trial Tr. Vol. I) at 133-37.

It appears that the Petitioner's argument is that he did not understand the purported legal

significance of the lack of store closures until around when he filed his motion.[4] Even so, the

Fourth Circuit has rejected this kind of argument. Under § 2255(f)(4), time begins to run when a

prisoner knows or should have known through diligence the important facts, *not* when he comes

to appreciate the legal significance of those facts. *United States v. Caro*, 683 Fed. Appx. 232,

233 (4th Cir. 2017) (per curiam) (citing *Owens v. Boyd*, 235 F.3d 356, 359 (7th Cir. 2000)); *see

also Whiteside v. United States*, 775 F.3d 180, 184 (4th Cir. 2014) (en banc) (holding that

changes in the law are not new facts under § 2255(f)(4)). Accordingly, the Petitioner's motion is

not timely under § 2255(f)(4) just because he has a new legal theory arising from facts he would

have known at trial.

## C. Equitable tolling does not apply

While the Petitioner does not expressly make a request for equitable tolling, his

explanation for his delayed filing could possibly be construed as one because he claims that

nobody "showed [him] how to file under the innocence exception," Dkt. 190 at 12, and that his

lawyer failed to tell him that his conduct "did not constitute the crime of Hobbs Act Robbery,"

Dkt. 192 at 1. A district court may apply equitable tolling only in "those rare instances where—

due to circumstances external to the party's own conduct—it would be unconscionable to enforce

the limitation period against the party and gross injustice would result." *Whiteside,* 775 F.3d at

184 (citations omitted). A petitioner seeking equitable tolling must demonstrate that (1) he has

been pursuing his rights diligently, and (2) some extraordinary circumstance beyond his control

stood in his way and prevented timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010)

(citation omitted). The petitioner "bears a strong burden to show specific facts" which

---

[4] As noted later, *infra* at 8-9, this is an inaccurate understanding of the Hobbs Act.

demonstrate that he fulfills both elements of the test. *Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008) (quoting *Brown v. Barrow*, 512 F.3d 1304, 1307 (11th Cir. 2008)).

The alleged acts or omissions of the Petitioner's prior counsel do not rise to the level of "extraordinary circumstances." *See Lawrence v. Florida*, 549 U.S. 327, 336-37 (2007) (finding that an attorney's mistake related to the time for seeking federal habeas corpus relief was "not sufficient to warrant equitable tolling, particularly in the postconviction context where prisoners have no constitutional right to counsel"); *Rouse v. Lee*, 339 F.3d 238, 248 (4th Cir. 2003) ("This circuit has held that a mistake by a party's counsel in interpreting a statute of limitations does not present the extraordinary circumstance beyond the party's control where equity should step in to give the party the benefit of his erroneous understanding. A majority of circuits agree.") (internal quotation marks and citations omitted).

The motion could also be read as arguing that equitable tolling should apply because the Petitioner did not know how to file his motion, nor did he know about the elements of a Hobbs Act offense – specifically, the requirement that the Government must prove that a defendant's conduct obstructed, delayed, or affected commerce. Dkt. 190 at 12; Dkt. 192 at 1. These circumstances are not so extraordinary as to warrant equitable tolling. As the Fourth Circuit has explained, "even in the case of an unrepresented prisoner, ignorance of the law is not a basis for equitable tolling." *Sosa*, 364 F.3d at 512. The same principle applies here. The Petitioner's ignorance about the law does not entitle him to equitable tolling.

In sum, the Petitioner fails to present "extraordinary circumstances" that would entitle him to equitable tolling of the statute of limitations.

## D. The Petitioner does not pass through the "actual innocence" gateway

When a petitioner can show that he is actually innocent, an equitable exception

overriding the statute of limitations may apply to prevent a miscarriage of justice. *McQuiggin*, 596 U.S. at 386; *United States v. Jones*, 758 F.3d 579, 584 (4th Cir. 2014) (recognizing that *McQuiggin* extended the actual innocence exception to statutory bars such as § 2255(f)(4)).

In *McQuiggin*, the Supreme Court held that "actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar ... or ... expiration of the statute of limitations." 569 U.S. at 386. The Court "caution[ed], however, that tenable actual-innocence gateway pleas are rare: '[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" *Id.* (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)) (emphasis added); *see also House v. Bell*, 547 U.S. 518, 538 (2006) (emphasizing that the *Schlup* standard is "demanding" and seldom met).

Here, the Petitioner asserts "actual innocence" as the only ground for his motion yet cites no "new evidence" whatsoever to support his argument. Dkt. 190 at 5. He does not, for example, present "exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence" not presented at trial. *Schulp*, 513 U.S. at 865. Rather, the Petitioner concedes that he "took money" from the stores at issue and relies on facts available at the time of his trial (whether the stores permanently closed because of the robberies). Dkt. 190 at 5. His only argument is about the legal sufficiency of his conviction – that is, that the Government failed to prove the interstate commerce element of his Hobbs Act violations. Nevertheless, an actual innocence claim requires "new reliable evidence that was not proffered at trial." *Finch v. McKoy*, 914 F.3d 292, 298-99 (4th Cir. 2019) (citing *Schlup*). Without more, the Petitioner cannot pass through the "actual innocence" gateway.

**E. The Hobbs Act does not require the Government to show that a robbery led a business to close**

For the reasons provided above, the Petitioner's Section 2255 motion was untimely under § 2255(f)(1) and (4) and does not qualify for equitable tolling, nor does it clear the "actual innocence" gateway. Accordingly, the Court will dismiss the petition as untimely.

Nevertheless, even if the Court were to consider the substance of his main argument – that the Government failed to establish the interstate commerce element of his Hobbs Act violations – it would find that such a contention is meritless. "[A] person commits Hobbs Act robbery if he '[1] unlawfully takes or obtains personal property [2] from the person or in the presence of another, against his will, [3] by means of actual or threatened force, or violence, or fear of injury,' and, in doing so, '[4] in any way or degree obstructs, delays or affects commerce.'" *United States v. Whitley*, 105 F.4th 672, 678 (4th Cir. 2024) (quoting 18 U.S.C. § 1951). The Government is only required to "prove a 'minimal' effect on interstate commerce." *United States v. Taylor*, 754 F.3d 217, 222 (4th Cir. 2014) (quoting *United States v. Spagnolo*, 546 F.2d 1117, 1119 (4th Cir.1976)). As the Fourth Circuit has explained, "[c]ommerce is sufficiently affected under the Hobbs Act where a robbery depletes the assets of a business that is engaged in interstate commerce." *United States v. Williams*, 342 F.3d 350, 354-55 (4th Cir. 2003). The Government correctly notes in its motion to dismiss that the evidence at trial showed that the types of businesses that were robbed – Dollar General stores, KFC locations, a convenience store called Charlie's Stop N Shop - were engaged in the sale of goods from outside Virginia. *See* Dkt. 220 at 12l; Trial Tr. Vol. I at 73, 90-91,112-13, 151, 186, 208. The evidence thus satisfied the commerce element of a Hobbs Act offense. *See United States v. Singleton*, 178 Fed. Appx. 259, 262 (4th Cir. 2006) (unpublished) (finding that a convenience store which

8

purchased "a substantial portion of its inventory … from out-of-state suppliers" was engaged in interstate commerce for purposes of the Hobbs Act). Contrary to the Petitioner's argument, there is simply no requirement under the Hobbs Act that a robbery force a business to close.

### CONCLUSION

The Petitioner's Section 2255 motion is denied as untimely. The Petitioner filed it more than 18 months after final judgment in this case, he has not cited to new facts supporting his claim, and he has failed to show that doctrines related to equitable tolling or actual innocence allow him to overcome the statute of limitations set forth in § 2255(f). Moreover, the Government's motion to dismiss will be granted. An accompanying Order will be entered on this same date.

The Clerk of Court is directed to send a copy of this Memorandum Opinion to all counsel of record and to the Petitioner.

Entered this 25th day of April, 2025.

NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE